## UNITED STATES v. CRUCIBLE STEEL CO.

### (Circuit Court, S. D. New York. June 20, 1906.)

### No. 4,150.

CUSTOMS DUTIES—CLASSIFICATION—POLISHED STEEL.

> In paragraph 141, Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 162 [U. S. Comp. St. 1901, p. 1640], relating to steel strips "cold rolled, * * * brightened, * * * or polished by any process to such perfected surface-finish, or polish better than the grade of cold-rolled, smoothed only," these words were employed by Congress with the meaning theretofore given them by customs authorities under earlier acts, and they, therefore, do not include strips whose only polish or brightening is incidentally acquired during the cold-rolling, and which were not included in similar former provisions.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6213 (T. D. 26,870), reversing the assessment of duty by the collector of customs at the port of New York.

The case relates to steel strips, which were returned by the appraiser as cold-rolled and brightened. The collector imposed the appropriate rate of duty provided in paragraph 135, Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1638], on steel in this form; also, the additional duty provided in paragraph 141, § 1, Schedule C, 30 Stat. 162 [U. S. Comp. St. 1901, p. 1640]: "All strips * * * of iron or steel, * * * which are cold-rolled, * * * brightened, * * * or polished by any process to such perfected surface-finish or polish better than the grade of cold-rolled, smoothed only." The importers objected to the imposition of this additional duty, on the authority of the decision of the United States Circuit Court of Appeals for the Second Circuit, in U. S. v. Crucible Steel Co., 137 Fed. 384, 69 C. C. A. 576, sustaining a similar contention on like merchandise. In that case the court found that the expression "cold-rolled, smoothed only," had at the time of the enactment of the tariff no general, well-recognized commercial meaning, and held that as it had been the customs practice under former legislation not to apply a similar provision to such merchandise, it would be assumed that Congress in re-enacting that provision in the tariff act of 1897, "fully understood what dividing grades had been adopted by the customs authorities under the earlier act, and by the use of the same language intended to provide that the same grade should be the criterion for determining in which group future importations should be classified for duty purposes."

The government made a new case before the Board of General Appraisers, endeavoring to prove, by evidence additional to that before the Circuit Court of Appeals, that said expression had a meaning which did not include the merchandise in controversy. This contention was overruled, the board observing as follows: "Fischer, General Appraiser. After all is said and done, the existence of a well-established, generally recognized commercial significa-tion of the descriptions 'cold-rolled, smoothed only,' remains undemonstrated. Several witnesses, it is true, gave their impressions as to what it meant;

but they admitted that the ordinary process of cold-rolling steel produced on its surface a certain amount of polish, the result of the attrition of the rolls, and they could not say at what stage of the process, or after how many passes, the article ceased to be 'cold-rolled, smoothed only,' and became 'better than' the same."

Charles Duane Baker, Asst. U. S. Atty.
William J. Gibson, for importers.

LACOMBE, Circuit Judge.    I cannot see that the additional evidence as to trade-designation differentiates this case from that which was before the Court of Appeals.    That court disposed of the questions presented upon the theory that Congress used the terms it employed with the meaning which has been theretofore given them by the customs authorities under earlier acts.    There is nothing in this record to induce a contrary conclusion.

The decision of the Board of General Appraisers is affirmed.