### GEORGE NASH & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 18, 1907.)

No. 4,244.

**1. CUSTOMS DUTIES—CLASSIFICATION—SCREW RODS.**

    Construing the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], for iron rods cold, drawn, or polished in any way in addition to the process of hot rolling, *held*, that it does not include wire screw rods which have been cold rolled to facilitate their use in screw-making machines, and which have incidentally acquired a polish, but that such articles are dutiable as wire screw rods under paragraph 141, 30 Stat. 162 [U. S. Comp. St. 1901. p. 1640.]

**2. SAME—CONSTRUCTION—SPECIFIC DESIGNATION—GENERAL PROVISIONS.**

    When Congress has designated an article by a specific name, and by such name imposes a duty upon it, general terms in a subsequent act or in a later part of the same act, although sufficiently broad to comprehend such article, are not applicable.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,338 (T. D. 27,288), relating to importations at the port of New York.

Kammerlohr & Duffy (Joseph G. Kammerlohr, of counsel), for the importers.

J. Osgood Nichols, Asst. U. S. Atty.

HAZEL, District Judge. Screws are manufactured by machinery from screw rods; and, in order not to injure the machine, the screw rod must be smooth and have a round, even surface. Accordingly, raw iron rods, which are ordinarily uneven or scaly, are cold drawn through a die to give them the required smoothness or polish, so as to readily enable their insertion into the screw-making machine. The polish or bright appearance produced by the process of cold drawing is not necessary to the purpose for which the wire-screw rods in question were imported. The proofs show that there were two shipments of merchandise, the first being classified by the collector as round steel bars, and duty was assessed thereon at the rate of nine-tenths cent per pound under the provisions of paragraph 135, Act of July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1638]. The later shipments were returned by the collector as cold-rolled and brightened screw rods; duty being assessed at four-tenths cent plus one-half cent per pound under paragraph 136 of said act, which provides that all iron or steel wire rods which have been tempered or treated in any manner or partly manufactured shall pay an additional duty of one-half of 1 cent per pound.

The importers protested, claiming the merchandise to be dutiable at only four-tenths cent per pound under paragraph 136 as wire screw rods valued at 4 cents or less per pound. The board decided that the collector was in error in assessing an additional duty of one-half cent per pound, and that the assessment should have been under paragraph 136, with the additional duty under paragraph 141, which provides for payment of one-fourth cent per pound upon iron or steel bars or rods which are cold rolled or cold drawn or polished in any way in addition to the usual process of hot rolling specifically described in paragraph 136.

The question presented by the record is whether the cold rolling of the rods to make them smooth and facilitate their use in the screw-making machine is the cold drawing specified in paragraph 141 of the act. In my opinion the rods in question have not been advanced by tempering or treating them to such an extent as to carry them beyond what is understood in the trade as wire screw rods. The testimony given in this court, and which was not before the board, indicates that such screw rods are not subject to the additional duty under the provisions of paragraph 141, which specifically provides for the payment of duty on iron or steel bars or rods of whatever shape or section, which are cold rolled, cold drawn, or polished. Brightening of the surface of the screw rod is subordinate and incidental to the smoothing or cold-rolling process which is essential to the production of the screw rod.

In this respect, I think the case is similar to United States v. Crucible Steel Company (C. C.) 147 Fed. 537, T. D. 27,446. There it was specifically held that cold-rolled steel strips, the brightening thereof being incidentally acquired in the process of cold rolling, are not subject to the additional duty provided in paragraph 141. Moreover, wire screw rods are enumerated eo nomine in paragraph 136, and they are not thought to be covered or included in the general language of paragraph 141. In Arthur v. Lahey, 96 U. S. 112, 24 L. Ed. 766, the rule is laid down that when Congress has designated an article by a specific

name, and by such name imposes a duty upon it, the general terms in a subsequent act or in a later part of the same act, although sufficiently broad to comprehend such article, are not applicable. For the foregoing reasons the merchandise, in my judgment, was dutiable under paragraph 136 at four-tenths cent per pound, and not subject to the imposition of any additional duty. It is not necessary to pass upon the question of the sufficiency of the protest.

The decision of the board is reversed.